# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE T. MOTEN, | CASE NO. CV-F-06-1155 OWW DLB P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THIS ACTION, WITHOUT PREJUDICE, BASED ON PLAINTIFF'S FAILURE TO EXHAUST PRIOR TO FILING SUIT |
| v. | |
| D. ADAMS, | |
| Defendants. | (Doc. 1) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was transferred to this Court on August 28, 2006.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001).

Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Plaintiff may not exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201.

In his complaint, plaintiff alleges that Department of Corrections Custody staff assaulted him that and then created false reports regarding the assault. He alleges these actions were taken because he reported staff misconduct. He also alleges that he was denied medical treatment for a life threatening illness. In his complaint, plaintiff concedes that although he filed an inmate appeal, the appeals were improperly screened out.

Under Ngo v. Woodford, 403 F.3d 620, 631 (9th Cir. 2005), exhaustion occurred when an inmate's appeal was barred by the appeals coordinator on procedural grounds and "no further level of appeal remained in the state prison's internal appeals process." However, on June 22, 2006, the United States Supreme Court reversed the Ninth Circuit's decision in Ngo and held that "*proper exhaustion of administrative remedies is necessary*" and the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." Woodford v. Ngo, 126 S.Ct. 2378 (2006) (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ." Id.

Pursuant to the recent decision in Woodford, the Court finds that plaintiff failed to exhaust the administrative remedies as mandated by section 1997e(a). Because it is clear from the face of plaintiff's complaint that he did not exhaust the available administrative remedies prior to filing suit, this action must be dismissed. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . ."). Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, based on plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting the available administrative remedies prior to filing suit.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    December 18, 2006**                              **/s/ Dennis L. Beck**
3b142a                                                                       UNITED STATES MAGISTRATE JUDGE

3