IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE T. MOTEN,

        Plaintiff,

  vs.

ADAMS, et al.,

        Defendants.

CASE NO. CV-F-06-1155 OWW DLB P

ORDER DENYING MOTION TO VACATE JUDGMENT

(Doc. 20, 22)

    Plaintiff is a state prisoner who was proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was dismissed on February 7, 2007, based on plaintiff's failure to exhaust the available administrative remedies prior to filing suit. On February 20, 2007 and May 15, 2007, plaintiff filed motions seeking to set aside the judgment. Plaintiff argues he should be excused from the exhaustion requirement because prison officials interfered with his attempts to utilize the administrative process and his appeals were not answered in a timely manner.

    Federal Rule of Civil Procedure 60(b)(6) permits a district court to relieve a party from a final order or judgment for "any . . . reason justifying relief from the operation of the judgment." The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id. Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts

or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986), quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.

This action was dismissed based on plaintiff's failure to comply with 42 U.S.C. § 1997e(a), which provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e(a) requires that prisoners exhaust the available administrative remedies *prior* to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Plaintiff filed this action in August 2006. To the extent the inmate appeal attached to plaintiff's objections to the Findings and Recommendations satisfies the exhaustion requirement, a decision was not rendered at the third and final level of appeal until October 27, 2006. Accordingly, this appeal was not exhausted prior to filing suit. Even if plaintiff has now exhausted, this is not grounds upon which to set aside judgment and re-open this action. Plaintiff's decision to file suit before exhausting, is fatal to the instant action. Plaintiff's sole remedy, if he wishes to pursue the claims he exhausted, is to file a new action. Further, plaintiff has not submitted any evidence his appeals were interfered with, intercepted or discarded.

Accordingly, plaintiff's motions to set aside judgment and re-open this action, filed February 20, 2007 and May 15, 2007, is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   September 15, 2007**          **/s/ Oliver W. Wanger**
                                         UNITED STATES DISTRICT JUDGE